UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NAQUEA ELAINE JOHNSON,

Plaintiff,

v.                                                                                              ACTION NO. 2:25cv186

STATE OF NEW JERSEY, *et al.*,

Defendants.

## ORDER

Plaintiff Naquea Elaine Johnson ("Plaintiff"), appearing *pro se*, filed an application to proceed *in forma pauperis* ("IFP Application"), i.e., without paying the requisite filing fees. IFP Appl., ECF No. 1. Upon review, the Court finds that Plaintiff does not qualify for *in forma pauperis* status.

"Federal courts have statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis*." *DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003) (italics added). "The federal *in forma pauperis* statute . . . is intended to guarantee that no citizen shall be denied access to the courts 'solely because his [or her] poverty makes it impossible for him [or her] to pay or secure the costs.'" *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). A litigant need not be "absolutely destitute" to proceed *in forma pauperis*; however, such "status is a privilege, not a right, and is only available to a litigant who establishes an inability, due to poverty, to pay the requisite filing fees and still provide for the necessities of life." *Hess v. Mainstreet Bank*, No. 1:19cv138, 2019 WL 2583598, at *1 (E.D. Va. Mar. 4, 2019) (first quoting *Adkins*, 335 U.S.

at 339; and then *El v. U.S. Dep't of Commerce*, No. 2:15cv532, 2016 WL 9223874, at *1 (E.D. Va. Sept. 21, 2016)), *adopted by* 2019 WL 2579640 (E.D. Va., June 24, 2019). The decision to grant or deny *in forma pauperis* status lies in the discretion of the district court. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).

Based on a review of the financial information submitted in support of Plaintiff's IFP Application, it appears to the Court that Plaintiff's monthly income is sufficient to allow Plaintiff to pay the requisite filing fees and still provide for the "necessities of life." *See* IFP Appl. at 1–5; *see also Hess*, 2019 WL 2583598, at *1. Accordingly, Plaintiff's IFP Application, ECF No. 1, is **DENIED**. If Plaintiff would like to proceed with this action, Plaintiff is **ORDERED** to remit the $350.00 filing fee and $55.00 administrative fee within thirty (30) days of the date of entry of this Order. If Plaintiff fails to do so, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b). (explaining that the Court may dismiss an action when a plaintiff fails to prosecute the action or fails to comply with an Order of the Court).

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff.

IT IS SO **ORDERED**.

/s/ *[signature]*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 6, 2025